UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                                Case No. 2:19-cr-20652
                                        Hon. David M. Lawson

D-4, PATRICIA FLANNERY,

        Defendant.

_____/

## MOTION FOR ORDER TO RETAIN AND FURNISH NOTES

NOW COMES PATRICIA FLANNERY, defendant herein, by her attorneys, Mark J. Kriger and N. C. Deday LaRene, and moves this Honorable Court for the entry of an Order requiring the government to retain the investigating agents' notes regarding interviews and other activities, and, where these notes are of interviews of the defendant herself, to furnish them to the defendant, and in support of said motion says as follows:

1. She is one of the defendants in the above-captioned case, charged in the within indictment with Health Care Fraud, and conspiracy to commit that offense.

2. Material furnished in the course of pre-trial discovery indicates that the agents conducting the investigation which led to the charges herein conducted many

interviews, engaged in surveillance and other observations, and memorialized those activities with written reports.

3.  It appears that the agents prepared notes contemporaneously (or roughly so) with those investigative activities, and used those notes in preparing their reports.

4.  As explained more specifically in the Memorandum Brief filed in support of this motion, the investigators' notes may be subject to discovery at the time of trial pursuant to the Jencks Act, 18 U.S.C. § 3500.

5.  As also explained in that Memorandum Brief, where the notes reflect the interview of the defendant herself, they are required to be furnished under F.R.Cr.P.16(a)(1)(B)(ii).

6.  Accordingly, defendant should be furnished a copy of any notes relating to statements made by him to government agents, and the government should be required to retain any and all other notes so they will be available for production at the time of trial.

7.  Pursuant to L.R. 7.1, undersigned counsel  has sought the concurrence of government counsel in the relief herein sought, but such concurrence has not been obtained.

WHEREFORE, Defendant prays that this Honorable Court enter an Order requiring the government to retain the investigating agents' notes regarding interviews

and other activities, and, where these notes are of interviews of the defendant himself,

to furnish them to the defendant.

Respectfully submitted,

s/ Mark J. Kriger (P30298)
s/ N. C. Deday LaRene (P16420)
LaRene & Kriger, P.L.C.
Attorneys for Defendant Patricia Flannery
1717 Penobscot Building
645 Griswold St.
Detroit, Michigan 48226
(313) 967-0100

DATED: July 1, 2020

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    Case No. 2:19-cr-20652
                                                                      Hon. David M. Lawson

D-4, PATRICIA FLANNERY,

        Defendant.

_____/

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR ORDER TO RETAIN AND FURNISH NOTES

**Issues presented:** Whether the notes of investigators regarding the defendant's own statements should be turned over in the course of pre-trial discovery, and notes as to other investigative activities preserved in anticipation of trial?

**Principal authorities:** 18 U.S.C. § 3500; F. R. Cr. P. 16(a)(1)(B)(ii); *United States v. Clark,* 385 F.3d 609 (6th Cir. 2004); *United States v. Simtob,* 901 F.2d. 799 (9th Cir. 1990); *United States v. Welch,* 810 F.2d 485, 489 (5th Cir.1987).

The motion in support of which this memorandum brief is written concerns the discovery of the investigating agents' notes of interviews, surveillance, and other activities.

Such notes, it has been held, may constitute "Jencks material," or "statements" required to be furnished under 18 U.S.C. § 3500[1] at the time of trial, if, for example, they relate to testimony given by the investigator who prepared them. *See, e.g., United States v. Simtob,* 901 F.2d. 799, 808-809 (9th Cir. 1990).  On the other hand, this may not be the case if they are "merely bits and pieces of information which he collected and reduced to writing to refresh his recollection." *Id.,* at 809.

Notes of witness interviews may also, of course, be required to be furnished as "statements" of the person interviewed is they were "signed or otherwise adopted or approved by him," or "a substantially verbatim recital of" the witness's oral statements, within the meaning of 18 U.S.C. § 3500(e)(1) or (2).  *See, e.g., United States v. Welch,* 810 F.2d 485, 489 (5th Cir.1987).

---

[1]  The Jencks Act defines such a "statement" as follows:

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement;  or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e),

Whether any of the notes are subject to disclosure under the Jencks Act cannot, of course, be determined at this time.  In the case of these notes, the motion merely asks that they be preserved and available, if disclosure proves to be in order.

In addition, however, F. R. Cr. P. 16(a)(1)(B)(ii) requires the government, upon the defendant's request, to produce "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent."  The Sixth Circuit has held that the "co-called 'rough notes'" of Defendant's interrogation qualify as such a written record." *United States v. Clark,* 385 F.3d 609, 619 (6th Cir. 2004). They are, therefore, subject to pre-trial discovery and should be turned over immediately.

Respectfully submitted,

s/ Mark J. Kriger (P30298)
s/ N. C. Deday LaRene (P16420)
LaRene & Kriger, P.L.C.
Attorneys for Defendant Patricia Flannery
1717 Penobscot Building
645 Griswold St.
Detroit, Michigan 48226
(313) 967-0100

DATED: July 1, 2020

3

CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017  I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I also certify that on September 12, 2017, I will provide a courtesy copy to the chambers of the  Hon. David M. Lawson.

s/N. C. Deday LaRene
LaRene & Kriger, P.L.C.
1717 Penobscot Building
Detroit, Michigan 48226
(313) 967-0100
E-mail: d6644@deday.net
Michigan Bar No. P16420