UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-3 Rami Lazeki,

        Defendant.

Case No. 19-cr-20652
Honorable David M. Lawson

### Application for Entry of Preliminary Order of Forfeiture

The United States of America, by and through its attorneys, applies to this Court for entry of a Preliminary Order of Forfeiture. In support of this Application, the Government provides:

**I. Background**

1. On September 26, 2019, the United States filed an Indictment, which charged D-3 Rami Lazeki ("defendant"), with Count One, Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349 and Counts Two through Six, Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2. (ECF No. 1).

2. The Indictment sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), placing defendant on notice that as a result of his violations as set forth in the Indictment, the defendant shall forfeit to the United

States any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds and/or gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), including but not limited to the following:

a) Ninety-Seven Thousand Five Hundred Thirty-Nine Dollars and Three Cents ($97,539.03) in U.S. Currency from Signature Bank Account #XXXXXX3045 in the name of US Medical, LLC;
b) Seven Hundred Thirteen Dollars and Seventy-Five Cents ($713.75) in U.S. Currency from TD Bank Account #XXXXXX8327 in the name of Livewell Holdings, LLC dba Great Lakes Medical Pharmacy, LLC;
c) Three Hundred Seventy-Eight Thousand Five Hundred Fifty-Four Dollars and Sixty-Five Cents ($378,554.65) in U.S. Currency from TD Bank Account #XXXXXX7349 in the name of Great Lakes Medical Pharmacy, LLC dba All American Medical Pharmacy;
d) One Hundred Sixty-Five Thousand Nine Hundred Sixteen Dollars and Ninety-Five Cents ($165,916.95) in U.S. Currency from TD Bank Account #XXXXXX9424 in the name of A1C Holdings;
e) Nineteen Thousand One Hundred Eighty-Four Dollars and Ninety-Five Cents ($19,184.95) in U.S. Currency from TD Bank Account #XXXXXX8319 in the name of Great Lakes Medical Pharmacy, LLC; and
f) Thirteen Thousand Four Hundred Seventy-Nine Dollars and Seven Cents ($13,479.07) in U.S. Currency from TD Bank Account #XXXXXX7357 in the name of Great Lakes Medical Pharmacy, LLC dba All American Medical Pharmacy, dba Brightsky Payroll

(ECF No. 1, PageID.14).

3. On or about July 15, 2020, the United States filed a First Forfeiture Bill of Particulars to supplement and clarify the forfeiture allegations contained in the Indictment and to provide notice of specific property the government intends to forfeit upon conviction, pursuant to Federal Rule of Criminal Procedure 32.2(a), 18

U.S.C. § 982(a)(7) and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), including but not limited to the following:

a. $125,865.07 in funds from account number: 1501736011 at Signature Bank, New York City, NY;
b. $97,539.03 in funds from account number: 1501253045 at Signature Bank, New York City, NY;
c. $24,668.04 in funds from account number: 1501955147 at Signature Bank, New York City, NY;
d. $421,259.26 in funds from account number: 1501736003 at Signature Bank, New York City, NY;
e. $48,745.36 in funds from account number: 1502533157 at Signature Bank, New York City, NY;
f. $713.75 in funds from account number: 428-5598327 in the name of [not disclosed] at TD Bank, Mount Laurel, NJ;
g. $378,554.65 in funds from account number: 1502647349 in the name of [not disclosed] at Signature Bank, New York City, NY;
h. $165,916.95 in funds from account number: 428-5599424 at TD Bank, Mount Laurel, NJ;
i. $19,184.95 in funds from account number: 428-5598319 in the name of [not disclosed] at TD Bank, Mount Laurel, NJ;
j. $13,479.07 in funds from account number: 1502647357 in the name of [not disclosed] at Signature Bank, New York City, NY;
k. $539.89 in funds seized from account 800104795034 in the name of Big Bend Pharmacy, LLC at Pinnacle Financial, Nashville, Tennessee;
l. $102,222.83 in funds from account number 1760026185 in the name of James and Patricia Letko at Unity Bank, Clinton, New Jersey;
m. $225,949.75 in funds from account A49237943 seized from James Letko at Northwestern Mutual, Milwaukee, Wisconsin;
n. $200,000.00 in funds from bank account number 1390010285107 in the name of A1C Holdings at Branch Banking & Trust Company Bank, Winston-Salem, NC;
o. $88,918.90 in funds from account #4285598319 in the name of Great Lakes Medical Pharmacy LLC from TD Bank, Mount Laurel, New Jersey;
p. $140,779.76 in funds from E*TRADE Account number 67475111 held in the names of James and Patricia Letko;

    q. $506,127.29 in funds seized from bank account number 378862863 held in the name of All American Pharmacy, LLC at JP Morgan Chase, Detroit, MI;
    r. $14,097.96 in funds seized from bank account number 377385593 held in the name of A1C Holdings at JP Morgan Chase, Detroit, MI;
    s. $73,830.46 in funds seized from bank account number 378895962 held in the name of Beta Discount Pharmacy & Health, LLC at JP Morgan Chase, Detroit, MI;
    t. $22,074.54 in funds seized from bank account number 282033320 held in the name of Liberty Health & Life, LLC at JP Morgan Chase, Detroit, MI;
    u. $177,950.63 in funds seized from bank account number 378875873 held in the name of HCP Pharmacy, LLC at JP Morgan Chase, Detroit, MI;
    v. $91,785.79 in funds seized from bank account number 378882770 held in the name of Heart of America Pharmacy, LLC at JP Morgan Chase, Detroit, MI;
    w. $157,395.08 in funds seized from bank account number 378903253 held in the name of Venice Pharmacy, LLC at JP Morgan Chase, Detroit, MI;
    x. $67,687.67 in funds seized from bank account number 378889809 held in the name of Quaker Community Pharmacy, LLC at JP Morgan Chase, Detroit, MI; and
    y. $85,409.68 in funds seized from bank account number 377385296 held in the name of A1C Holdings at JP Morgan Chase, Detroit, MI

(ECF No. 99).

4.    On or about May 31, 2022, the defendant entered into a Rule 11 Plea Agreement ("Rule 11") and pleaded guilty to Count One of the Indictment, Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. (ECF No. 188).

5.    As part of the Rule 11, defendant agreed to forfeit any interest he may have in property constituting, or derived from, proceeds obtained, directly or

indirectly, as the result of his violation of 18 U.S.C. § 1349. Specifically, the defendant agreed to the forfeiture of his interest in the following:

 a. Seven Hundred Thirteen Dollars and Seventy-Five Cents ($713.75) in U.S. Currency from TD Bank Account #XXXXXX8327 in the name of Livewell Holdings, LLC dba Great Lakes Medical Pharmacy, LLC;
 b. Three Hundred Seventy-Eight Thousand Five Hundred Fifty-Four Dollars and Sixty-Five Cents ($378,554.65) in U.S. Currency from TD Bank Account #XXXXXX7349 in the name of Great Lakes Medical Pharmacy, LLC dba All American Medical Pharmacy;
 c. Nineteen Thousand One Hundred Eighty-Four Dollars and Ninety-Five Cents ($19,184.95) in U.S. Currency from TD Bank Account #XXXXXX8319 in the name of Great Lakes Medical Pharmacy, LLC; and
 d. Thirteen Thousand Four Hundred Seventy-Nine Dollars and Seven Cents ($13,479.07) in U.S. Currency from TD Bank Account #XXXXXX7357 in the name of Great Lakes Medical Pharmacy, LLC dba All American Medical Pharmacy, dba Brightsky Payroll.

(ECF No. 188).

6. As part of the Rule 11, the defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following his guilty plea, upon application by the United States as mandated by Federal Rule of Criminal Procedure 32.2. The defendant further agreed that the forfeiture order will become final as to him at the time entered by the Court. (*Id*).

7. As part of the Rule 11, the defendant knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture based upon the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (*Id*).

8. As part of the Rule 11, the defendant acknowledged that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the court to advise his of his rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 1l(b)(l)(J). The defendant also expressly waived his right to have a jury determine the forfeitability of his interest in the above identified property, as provided by Rule 32.2(b)(5). (*Id*).

9. As part of the Rule 11, the defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. (*Id*).

10. As part of the Rule 11, the defendant agreed to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of any property referenced above. (*Id*).

11. The government now seeks entry of a Preliminary Order of Forfeiture from the Court forfeiting the following "Subject Property" in this case under 18

6

U.S.C. § 982(a)(7) and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c):

   a. $713.75 in funds from account number: 428-5598327 in the name of [not disclosed] at TD Bank, Mount Laurel, NJ;
   b. $378,554.65 in funds from account number: 1502647349 in the name of [not disclosed] at Signature Bank, New York City, NY;
   c. $19,184.95 in funds from account number: 428-5598319 in the name of [not disclosed] at TD Bank, Mount Laurel, NJ; and
   d. $13,479.07 in funds from account number: 1502647357 in the name of [not disclosed] at Signature Bank, New York City, NY

and further seeks entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $360,000.00 representing the total value of the property subject to forfeiture for defendant's violation of Count One of the Indictment.

## II. Discussion

### a. Forfeiture is Mandatory.

The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court **shall** order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v.*

7

*Monsanto*, 491 U.S. 600, 607 (1989)). Further, the Sixth Circuit has authorized the entry of forfeiture money judgments. *Hampton*, 732 F.3d at 692 (joining the consensus view and holding that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing).

In this case, defendant has been convicted of an offense requiring forfeiture; specifically, Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Therefore, entry of a Preliminary Order of Forfeiture is a mandatory part of defendant's sentence. In the Indictment, the defendant was placed on notice that upon conviction, the United States intended to seek forfeiture of certain property, including a forfeiture money judgment. (ECF No. 1, PageID.14-15). Further, in the Rule 11 Plea Agreement, defendant agreed to forfeit the Subject Property. (ECF No. 188, Page ID.1701-1702).

  **b. The Forfeiture Amount.**

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must

8

>determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds . . .." 18 U.S.C. § 981(a)(1)(C).

### c. Entry of the Forfeiture Order.

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

12. Rule 32.2 provides for the timing of the preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under

9

      Rule 32.2(b)(4).

Fed. R. Crim. P. 32.2(b)(2)(B).

    13.    The defendant's sentencing is currently scheduled for November 3, 2022, making it appropriate for the Court to enter a Preliminary Order of Forfeiture at this time. Any claims by third parties to the Subject Property shall be resolved under the procedures set forth in 21 U.S.C. § 853(n), as stated in the proposed Preliminary Order of Forfeiture submitted concurrently herewith. Fed. R. Crim. P. 32.2(b)(2)(A), (c). Because the forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing.

    14.    Given that the defendant agreed in the Rule 11 to the entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Property, there should be no objection to this Application or to the proposed forfeiture order. Nevertheless, pursuant to Local Rule 7.1, the undersigned sent the defendant's attorney, James W. Burdick, a copy of this Application and the proposed Preliminary Order of Forfeiture via e-mail to determine the defendant's position on entry of a Preliminary Order of Forfeiture. James W. Burdick responded that he has no objection.

## III. Conclusion and Requested Relief

Pursuant to 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c) and Rule 32.2, and based upon the Indictment, Rule 11 Plea Agreement, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture. The government will submit the proposed Preliminary Order of Forfeiture to the Court via ECF utilities.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Shankar Ramamurthy
Shankar Ramamurthy (IL 6306790)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(202) 924-5368
Shankar.Ramamurthy@usdoj.gov

Dated: October 28, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, the foregoing was electronically filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

<pre>
                              S/Shankar Ramamurthy
                              Shankar Ramamurthy (IL 6306790)
                              Assistant U.S. Attorney
                              211 W. Fort Street, Ste. 2001
                              Detroit, Michigan 48226
                              (202) 924-5368
                              Shankar.Ramamurthy@usdoj.gov
</pre>