UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAMI LAZEKI,

        Defendant.
_____/

Case Number 19-20652
Honorable David M. Lawson

**PRELIMINARY ORDER OF FORFEITURE**

On September 26, 2019, the defendant was charged along with four codefendants with healthcare fraud, 18 U.S.C. § 1347, and conspiracy to commit wire fraud and health care fraud, 18 U.S.C. § 1349. The charges arose from the defendant's conduct as principal of several pharmacies which allegedly obtained fraudulent reimbursements from the Medicare program for numerous mail order deliveries of medically unnecessary medications. The indictment included forfeiture allegations giving notice to the defendant that, among other things, upon his conviction of the offenses charged, the defendant would forfeit to the United States any property constituting proceeds from the alleged fraudulent activities. The indictment also provided notice that the government would seek a money judgment against the defendant in an amount exceeding $400,000. After the defendant entered his guilty plea, the parties filed a stipulation stating their consent to the entry of this preliminary order of forfeiture.

On May 31, 2022, the defendant pleaded guilty to Count One of the Indictment alleging conspiracy to commit wire fraud and healthcare fraud. Based on the facts alleged in the Indictment, the facts admitted by the defendant at the plea hearing, the stipulation entered by the parties, and other information in the record, and under 21 U.S.C. § 853(p)(2), and 18 U.S.C. § 982(a)(7), together with 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2, the Court finds that

the government is entitled to entry of a forfeiture money judgment against the defendant in the amount of $360,000, and to forfeiture of the subject property listed below, which has a nexus to the offense of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c).

Accordingly, the following is **ORDERED**:

1. The following property is **FORFEITED** to the United States under 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c):

    - $713.75 in funds from account number: 428-5598327 held by TD Bank, Mount Laurel, NJ;

    - $378,554.65 in funds from account number: 1502647349 held by Signature Bank, New York City, NY;

    - $19,184.95 in funds from account number: 428-5598319 held by TD Bank, Mount Laurel, NJ; and

    - $13,479.07 in funds from account number: 1502647357 held by Signature Bank, New York City, NY.

2. The government is authorized to dispose of the subject property according to law, and any right, title, or interest of the defendant, and any right, title, or interest that his heirs, successors or assigns have, or may have, in any of the subject property is forever extinguished.

3. A forfeiture money judgment in the amount of $360,000 is granted and entered against the defendant in favor of the United States of America which represents the total value of the property subject to forfeiture for the offense of conviction in Count One of the Indictment.

4. To satisfy the money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The United States is

permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

5. Upon entry of this preliminary order of forfeiture and under 21 U.S.C. § 853(n), Rule 32.2, and other applicable rules, the United States must publish notice of this preliminary order of forfeiture and of its intent to dispose of the subject property on www.forfeiture.gov for at least 30 consecutive days. The United States must also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the subject property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the subject property must file a petition with the Court within 30 days of the final date of publication of notice or within thirty days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property. Any petition filed by a third party asserting an interest in any of the subject property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified subject property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States and any claimant may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this preliminary order of forfeiture shall become the final order of

forfeiture and the United States shall have clear title to the subject property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the subject property, the Court may enter an amended order of forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

8. After this preliminary order of forfeiture becomes the final order of forfeiture or after the Court enters an amended order of forfeiture that addresses the disposition of any third-party petition(s), the United States shall have clear title to the subject property and shall be authorized to dispose of the subject property as prescribed by law.

9. The Court retains jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 2, 2022