UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                         Case Number 19-20652

v.                                            Honorable David M. Lawson

RAMI LAZEKI,

                Defendant.

_____/

## ORDER GRANTING SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Rami Lazeki was convicted by his guilty plea of conspiracy to commit health care fraud and was sentenced to one year plus one day in prison, later reduced to time served, to be followed by two years of supervised release. He also was ordered to pay restitution of $21,651,203, jointly and severally with his co-defendants, in specified monthly amounts. His term of supervision began on August 9, 2024. He has filed a motion to terminate his period of supervision early, which otherwise would end on August 8, 2027. The government has responded indicating that it has no objection to the motion.

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)). In making the determination, the Court must consider "a subset of the factors" generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Ibid.*

And the Court must demonstrate that it considered those factors and "reasoned through the defendant's nonfrivolous arguments when ruling on a motion," *United States v. Tavarez*, 141 F.4th 750, 757 (6th Cir. 2025) (citing *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025)) (cleaned up), although it need not specifically address each one, *ibid.* (stating that "the district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors'") (quoting *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010)).  Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Ibid.*

After evaluating those factors, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).  Factors include a defendant's "changed circumstances" such as "exceptionally good behavior by the defendant" that "render a previously imposed term . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).  However, "[t]he text [of section 3583(e)(1)] does not make 'exceptionally good' conduct an absolute prerequisite to relief." *Hale*, 127 F.4th at 641.  "[S]uch behavior," though, "remains a relevant consideration." *Id.* at 642.

- 3 -

Lazeki argues that he is in compliance with all his conditions of supervision.  His supervising probation officer has confirmed that he has maintained full employment throughout his term and all of his restitution payments are current.  The probation officer observes, however, that the restitution balance is enormous — over $21 million — and therefore takes "no position" on the request for early termination.  As mentioned above, however, the government has no objection to the request.

The Court is mindful that the probation department's resources are limited, and prudence suggests that they should be expended on offenders who are most in need of supervision.  Lazeki, plainly, is not one of those individuals.  With the limited personnel available, it is important to husband the resources and discharge from supervision those defendants who pose little risk of reoffending and have reached the limit of the assistance that supervised release was intended to furnish.  Lazeki does fit that description.  All of the considerations found in 18 U.S.C. § 3553(a) favor the relief requested.  With no objection from the government, it is appropriate to terminate supervision.

Accordingly, it is **ORDERED** that the defendant's motion for early termination of supervised release (ECF No. 378) is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 11, 2026